UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICAELA BIANCA GAGIU,

Petitioner(s),

v.

ICE FIELD OFFICE DIRECTOR,[1]

Respondent(s).

CASE NO. C26-1903-KKE

ORDER ON HABEAS PETITION

Petitioner has been in immigration detention since March 2026, and filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in May 2026. Dkt. No. 1, Dkt. No. 6 ¶ 18. Petitioner was ordered removed on April 30, 2026, and, on the same day, denied bond. Dkt. Nos. 7-4, 7-5.

Because Petitioner's detention has not become unlawfully prolonged and Petitioner has identified no other grounds for relief, the Court will deny her habeas petition.

## I. BACKGROUND

Petitioner is a citizen of Romania who entered the United State on a B1 or B2 visa in 2007. Dkt. No. 6 ¶ 4. She overstayed her visa and, in 2009, was detained by Immigration and Customs

[1] Petitioner does not name the proper respondent—the warden of the Northwest ICE Processing Center ("NWIPC")—in her petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). Under Federal Rule of Civil Procedure 21, the Court may, "on its own," and "on just terms, add … a party." Construing the petition liberally, as it must, the Court finds that Petitioner is seeking release from the NWIPC and thus directs the Clerk under Rule 21 to add Bruce Scott, Warden of the NWIPC, as a respondent in this action. *See, e.g.*, *Urena v. Warden, Otay Mesa Det. Ctr.*, 26-CV-323-JO-DDL, 2026 WL 362082 (S.D. Cal. Feb. 9, 2026) (adding warden *sua sponte* "[g]iven Petitioner's *pro se* status and his clear indication that he seeks release from the Otay Mesa Detention Center").

Enforcement ("ICE") and issued a notice to appear for removal proceedings. *Id.* ¶¶ 4–5. ICE released Petitioner on bond days later and, in 2009, Petitioner filed an I-130 petition, seeking to be sponsored for permanent residency by her U.S. citizen spouse. *Id.* ¶¶ 7–8; Dkt. No. 7-1 at 2. After her petition was approved, she filed an application for adjustment of status, which remains pending. Dkt. No. 6 ¶ 10. In 2012, an immigration judge ("IJ") dismissed the removal proceedings against Petitioner without prejudice. Dkt. No. 7-1 at 4. Between 2013 and 2022, Petitioner acquired four misdemeanor convictions for petit larceny, prostitution, drug possession, and battery. Dkt. No. 6 ¶¶ 12–15. In March 2026, she was arrested for grand larceny of a motor vehicle—a felony. *Id.* ¶ 16. Petitioner contends that charge has been dropped (Dkt. No. 1 at 10), while ICE claims it remains pending with the Las Vegas Justice Court (Dkt. No. 6 ¶ 16).

Upon her release from the Clark County jail in Nevada, ICE arrested Petitioner and served her with a new notice to appear for removal proceedings. Dkt. No. 6 ¶¶ 18–19. After being notified that she would be detained pending those proceedings, Petitioner requested review of the custody determination from an IJ. Dkt. No. 7-3. On April 30, 2026, she appeared through counsel at a master calendar hearing, at which the IJ considered both her removability and whether she would be released on bond. *Id.* ¶ 23. The IJ ordered Petitioner removed to Romania, denied her request for voluntary departure, and denied bond, finding Petitioner to be a flight risk. Dkt. No. 7-4, 7-5. Petitioner waived appeal of her bond determination, but appealed her removal order to the Board of Immigration Appeals. Dkt. No. 6 ¶ 25. That appeal remains pending. *Id.*

On June 1, 2026, Petitioner filed this habeas case. Dkt. No. 1. The Government filed a return.[2] Dkt. No. 5. But Petitioner did not file a reply (i.e., a traverse). The petition is now ripe for the Court's consideration.

[2] This order refers to Respondent ICE Field Office Director as "the Government."

## II. DISCUSSION

To succeed on a habeas petition, a petitioner must show she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Petitioner's removal order is not final because her appeal to the BIA remains pending. *See* 8 U.S.C. § 1101(a)(47)(B). Accordingly, Petitioner is detained under 8 U.S.C. § 1226(a), which governs the detention of noncitizens pending a final decision on whether they are to be removed from the United States. Detention under Section 1226(a) is discretionary, meaning the Government may release a noncitizen detained under this provision on bond. *See* 8 U.S.C. § 1226(a)(1)–(2). If a noncitizen wishes to contest ICE's initial custody determination, they have a right to do so before an IJ. 8 C.F.R. § 1236.1(d)(1).

In this case, Petitioner does not clearly identify the grounds on which she challenges her detention. Her petition alleges that she was "[mis]represented by [her] prior counselor" who, according to the petition, did not conduct "research into why [Petitioner] had missed court[]" or the reasons why she had been called as a witness in a case in which she was "the victim[.]" Dkt. No. 1 at 9. The petition, however, does not explain how these allegations pertain to her current detention under Section 1226(a), which is based on her ongoing removal proceedings. Petitioner seems to believe that her "current charges of deportation" are her prior conviction for drug possession and her recent arrest for grand larceny of a motor vehicle. Dkt. No. 1 at 1. But ICE's charge is that Petitioner is removable to Romania because she overstayed her visa and is thus

"present in the United States in violation" of the law. *See* Dkt. No. 6 ¶ 19 (citing 8 U.S.C. § 1227(a)(1)(B)). If Petitioner disagrees with the IJ's decision that she is removable, she must present any such arguments in her appeal to the BIA and, potentially, in a subsequent petition for review to the Ninth Circuit. *See* 8 U.S.C. § 1252(b)(9); *see also* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate Court of Appeals … shall be the sole and exclusive means for judicial review of an order of removal[.]").

Petitioner also claims that her prior prostitution convictions were the result of entrapment and that her recent charges for grand larceny of a motor vehicle have been dropped. Dkt. No. 1 at 9–10. But, again, Petitioner is not in custody on account of these convictions or charges, but because the Government has chosen to detain her pending a determination on whether she will be removed due to her visa overstay.

The petition also suggests that Petitioner's detention has become unlawfully prolonged.[3] Dkt. No. 1 at 6. Section 1226(a), "like [Section] 1231(a)(6), … does not authorize indefinite detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). Accordingly, courts construe the detention authority under Section 1226(a) "[c]onsistent with *Zadvydas* [*v. Davis*, 533 U.S. 678 (2001)], … as limited to the 'period reasonably necessary to bring about [a noncitizen's] removal from the United States,' even if continued detention in any particular litigant's case would not pose a constitutional problem." *Id.* (quoting *Zadvydas*, 533 U.S. at 689). Petitioner's detention, however, has not become indefinite. She has, at this point, been detained for under five months—less than the "presumptively reasonable" period for detention following a removal order identified in *Zadvydas*. 533 U.S. at 701. Moreover, as in *Prieto-Romero*, any delay in Petitioner's

[3] The first several pages of the habeas petition contain a form document discussing several legal authorities related to immigration detention generally, but which do not pertain to Petitioner's detention in particular. Dkt. No. 1 at 2–6. Nevertheless, the Court will consider the form document's contention that the length of Petitioner's confinement has become "excessive[.]" *Id.* at 6.

detention is not the result of being "stuck in a 'removable-but-unremovable limbo,'" but because of her ongoing administrative appeal to the BIA. 534 F.3d at 1063. Under these circumstances, Petitioner has not shown that her detention has become unlawfully prolonged.

The Court will therefore deny Petitioner's habeas petition. However, the Court's denial shall be without prejudice to Petitioner refiling a habeas action in the event her detention becomes indefinite or if other bases for relief arise.

## III. CONCLUSION

Petitioner's habeas petition is DENIED.

The Clerk is DIRECTED add Bruce Scott, Warden of the NWIPC, as a respondent in this action.

Dated this 10th day of August, 2026.

Kymberly K. Evanson
United States District Judge